UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARIANA ZHAO, *et al.*,

Plaintiffs,

-v-                                                         No. 07 Civ. 0201 (RJS) (HBP)

                                                            MEMORANDUM AND ORDER

EAST HARLEM LAUNDROMAT, INC.,

Defendant.

RICHARD J. SULLIVAN, District Judge:

        Plaintiffs Mariana Zhao and Martha Montalban bring this action against Defendant East

Harlem Laundromat, Inc., seeking to recover overtime wages, "spread of hours" pay, liquidated

damages, prejudgment interest, attorney's fees, and costs pursuant to the Fair Labor Standards

Act of 1938, 20 U.S.C. §§ 201 *et seq.* ("FLSA"); the New York Minimum Wage Act, N.Y. Lab.

Law §§ 650 *et seq.*; and the "spread of hours" wage order of the New York Commissioner of

Labor, 12 N.Y.C.R.R. § 137-1.7 (2006). Plaintiff Zhao also brings suit for sex discrimination in

violation of the New York State Human Rights Law, N.Y. Exec. L. §§ 296 *et seq.*; and the New

York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.*

        Before the Court is the Report and Recommendation ("Report") of the Honorable Henry

B. Pitman, Magistrate Judge, recommending that the Court enter judgment for Plaintiffs in the

total amount of $93,683.64 for Plaintiff Zhao and $101,506.43 for Plaintiff Montalban, for a

combined total of $195,190.07. For the following reasons, the Court adopts the Report in its

entirety, with the exception of the recommendation regarding Plaintiff Zhao's discrimination

claim.

I. PROCEDURAL HISTORY

Plaintiffs filed an initial Complaint on January 10, 2007 and an Amended Complaint on October 29, 2007. By Order dated March 31, 2009, the Court granted default judgment in favor of Plaintiffs and referred the case to Judge Pitman for an inquest on damages. Judge Pitman issued the instant Report on October 8, 2010, and copies of the Report were mailed to the parties on that date. Specifically, Judge Pitman recommended the imposition of damages as follows: (1) $36,702.92 for Zhao and $40,823.84 for Montalban in lost wages and overtime; (2) $5,859.60 for Zhao and $7,400.40 for Montalban in spread of hours pay; (3) $17,505.96 for Zhao and $23,653.99 for Montalban in prejudgment interest; (4) $33,615.16 for Zhao and $29,628.20 for Montalban in liquidated damages; (5) no award for Zhao's discrimination claim; (6) no award for attorney's fees; and (7) $989.44 in costs. (Report 4.)

The Report also advised the parties that failure to file objections within the statutory 14-day period would constitute waiver of those objections and would preclude appellate review. *See* 28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b)(2). No party has filed objections to the Report, and the time to do so has now expired. *Cf. Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1993).

II. STANDARD OF REVIEW

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253

2

(S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A magistrate judge's decision is "clearly erroneous" if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U .S. 364, 395 (1948)).

### III. DISCUSSION

Upon careful review, the Court finds that Judge Pitman's findings are not facially erroneous as to the following: (1) lost wages and overtime, (2) spread of hours pay, (3) prejudgment interest, (4) liquidated damages, (6) attorney's fees, and (7) costs. Accordingly, the Court adopts the recommended damage awards set forth in the Report, with the exception of recommendation (5), which provides no award for Plaintiff Zhao's sex discrimination claim. (Report 4.) For the following reasons, the Court rejects Judge Pitman's findings regarding the discrimination claim and awards an additional $20,000 in compensatory damages to Plaintiff Zhao.

### A. Inquest Following Default Judgment

In light of Defendant's default, the Court must accept as true all well-pleaded allegations in the Complaint and draw all reasonable inferences in favor of Plaintiffs. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). However, the Court is also required to determine whether the allegations at issue establish liability as a matter of law. *Id.* Even where the Complaint suffices to establish liability, "a default is not an admission of damages, which must be established in a separate evidentiary proceeding." *Id.* at 83 n.6 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Accordingly, the Court "must conduct an inquiry in

3

order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). In what follows, the Court considers both the sufficiency of the discrimination claim at issue and the appropriate damage award. B. Discrimination Claim

Plaintiff Zhao alleges that, upon learning of her pregnancy, her employer ("Jung")[1] "began harassing her and ultimately forced her to leave her job." (Amended Compl. ¶ 47.) Zhao further alleges that she was assigned tasks involving "heavy physical labor" (*id.* ¶ 48), was told not to attend her medical appointments (*id.* ¶ 49), and was exposed to noxious chemicals (*id.* ¶ 50). Finally, Zhao alleges that Jung "blamed her for food that was left in the workplace overnight" and assaulted her. (*Id.* ¶ 51.) Zhao then "called the police, who told her not to put her babies at risk by going back to work," and stopped working thereafter. (*Id.*) On these facts, Zhao sues for sex discrimination in violation of the New York City Human Rights Law and the New York State Human Rights Law.

The Report first analyzes Zhao's wrongful termination claim by analogy to Title VII discrimination law, since the Second Circuit has repeatedly found that claims brought under New York State's Human Rights Law are "analytically identical" to claims brought under Title VII. *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008); *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997). To make out a *prima facie* case of pregnancy discrimination, Zhao must prove that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties required by her position; (3) she was discharged; and (4) either her position was ultimately filled by a non-pregnant employee or her discharge occurred in circumstances giving rise to an inference of unlawful discrimination. *Quaratino v. Tiffany & Co*,

---

[1] Mr. Jung was the owner of Defendant and controlled Plaintiffs' terms and conditions of employment, work schedule, rate of pay, and method of compensation. (Amended Compl. ¶ 3.)

71 F.3d 58, 64 (2d Cir. 1995) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  The Report admits that Zhao easily satisfies the first two prongs (Report 33-34), but concludes that she fails to satisfy the third and fourth prongs.

On prong three, the Report finds that Zhao failed to state a claim for wrongful discharge because "her own pleading states that in September 2006, an altercation with Jung caused her to leave the job of her own volition." (Report 34.)  The Report further argues that Zhao has not alleged facts sufficient to establish constructive termination (Report 35), because she failed to allege "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004).  On prong four, the Report finds a similar defect, concluding that the circumstances of the alleged discharge did not give rise to an inference of unlawful discrimination because "the final altercation with Jung was the product of Jung's belief that Zhao left food out in the laundry overnight." (Report 36.) Accordingly, the Report concludes that "[t]hese facts strongly suggest that if Zhao was discharged, it was not because she was pregnant." (*Id.*)

Having carefully reviewed the Amended Complaint, the Court is left with a definite and firm conviction that the Report is mistaken with respect to these conclusions.  To support the finding that Zhao's working conditions did not rise to the level of a hostile work environment (and therefore did not support a constructive termination claim), the Report notes that her assignment to split up loads of shirts "appears to be nothing more than a common division of labor." (Report 45.)  Similarly, the Report disregards the allegation that Zhao was "forced . . . to be exposed to noxious chemicals" (Amended Compl. ¶ 48) on the grounds that "exposure to these chemicals seems inevitable for a laundry worker." (Report 46.)  Finally, the Report asserts that, although Jung told her not to attend her medical appointments, Zhao "does not allege . . .

5

that she was ever disciplined for going to the doctor nor does she allege that she was ever denied permission to go to the doctor." *(Id.)* But surely the more "reasonable inference" in a default inquiry supports an opposite narrative – that Zhao was forced to perform heavy physical labor, exposed to noxious chemicals, forbidden to see her doctor, and assaulted by her employer not in the ordinary course of her occupation, but precisely *because* she was pregnant.   Thus, in evaluating Zhao's claims, the Report strains to draw a series of factual inferences in favor of the defaulting Defendant rather than in favor of Plaintiffs. *Finkel*, 577 F.3d at 84.

Although "naked assertion[s]" cannot support a Complaint, neither does the pleading standard require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Although Zhao's factual allegations certainly are not voluminous, the Court does not read the holdings of *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2007), to require Plaintiff to recite the phrase "due to her pregnancy" before each paragraph of her pregnancy discrimination claim. Because Zhao informed Jung of her pregnancy (Amended Compl. ¶ 47) and a series of adverse employment circumstances followed, the reasonable inference in favor of Plaintiff should credit the causal connection between these events.   Accordingly, the Court finds that Zhao alleged sufficient facts to establish both constructive termination and an inference of unlawful discrimination under prongs three and four of the *McDonnell Douglas* test. To find that Zhao failed to state a *prima facie* claim of wrongful termination on these facts was clearly erroneous.[2]

## C. Discrimination Damages

To calibrate damages in the employment discrimination context, the Court must locate the severity of the harm along a "spectrum of damage awards [that] ranges from $5,000 to more

---

[2] Because Zhao prevails on the wrongful termination claim, the Court need not reach the hostile work environment claim as a separate theory of recovery.

than $100,000, representing 'garden-variety,' 'significant,' and 'egregious' emotional distress claims." *Rainone v. Potter*, 388 F. Supp. 2d 120, 122 (E.D.N.Y. 2005). At the low end of the continuum are the "garden-variety" emotional distress awards, which range from $5,000 to $35,000 and are typically rendered "in cases where the evidence of harm was presented primarily through the testimony of the plaintiff." *Id.* In the middle of the spectrum are "significant" and "substantial" emotional distress awards, which range from $50,000 to $100,000, frequently involve more offensive conduct, and are sometimes supported by medical testimony or evidence of treatment. *Id.* at 122-23. At the high end of the spectrum are "egregious" emotional distress awards, where courts have upheld damages of more than $100,000 for "outrageous and shocking" discriminatory conduct or for significant impact on the physical health of the plaintiff. *Id.* at 123; *see Becerril v. East Bronx NAACP Child Development Center*, 08 Civ. 10283 (PAC) (KNF), 2009 WL 2611950, at *6 (S.D.N.Y. Aug. 18, 2009).

In this case, Zhao claims that "the egregious nature of the employer's conduct supports an award" of $50,000 in emotional distress damages. (Pls.' Proposed Findings of Fact and Conclusions of Law 8.) The three cases Zhao cites for her proposed award, however, involve remitted jury awards rather than default judgments. (*Id.*) Although Plaintiffs' Proposed Findings of Fact and Conclusions of Law alleges that Zhao experienced numerous physical symptoms (including anxiety, vaginal bleeding, stress, high blood pressure, and sleep loss) as a result of the verbal and physical harassment she experienced, no corroborating medical testimony appears in the record.[3] (*Id.*) Accordingly, the Court finds that Zhao's damages rest squarely in the "garden variety" category, and that $20,000 is an adequate award to compensate

---

[3] While Plaintiffs' Proposed Findings of Fact and Conclusions of Law does state that "Plaintiff Zhao's physician told her the symptoms were caused by the harassment she suffered" at work, the physician is not identified and no medical affidavit was submitted. (Pls.' Proposed Findings of Fact and Conclusions of Law 8.)

her emotional distress. *See McGrory v. City of New York*, 2004 WL 2290898, at \*14 (S.D.N.Y. Oct. 8, 2004) ("In [garden variety] cases, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury.).

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report with respect to all recommendations except that relating to Zhao's discrimination claim. Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall have judgment in the amount of $113,683.64 for Plaintiff Zhao and $101,506.43 for Plaintiff Montalban, for a combined total of $215,190.07. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:     November 12, 2010
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE